DECISION
{¶ 1} Relator, Greg S. Swader, seeks a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator's application for temporary total disability ("TTD") compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that this court grant relator's request for a writ of mandamus ordering respondent commission to vacate its order denying TTD compensation and to issue a new order, either granting or denying compensation, after determining whether relator had reported or returned to work. (See attached Appendix A.) None of the parties filed objections to the magistrate's decision.
 {¶ 3} In reviewing the magistrate's decision, we note an inconsistency between the findings of fact and the magistrate's conclusion of law. Relator argued before the magistrate that the commission incorrectly determined that he voluntarily abandoned his employment with respondent, Home Depot USA, Inc. ("employer"), following his termination for an alleged violation of a written work rule. The employer's written work rule stated that employees "are immediately terminated if they * * * report or return to work with detectable levels, as determined by drug/alcohol tests, of alcohol, drugs or non-prescribed controlled substances." In finding of fact number three, the magistrate determined that relator returned to work on January 23, 2003, and was thereafter sent for a post-accident drug screen. The results came back positive for marijuana. However, the magistrate's conclusion of law states that there was no evidence presented indicating whether relator had reported or returned to work at the time he was sent for the post-accident drug screen.
 {¶ 4} Our review of the record indicates that, although relator was on the employer's premises on January 23, 2003, it is unclear whether relator had reported or returned to work when he was sent for the post-accident drug screen. Therefore, pursuant to Civ.R. 53(C), we modify the magistrate's finding of fact number three to reflect that relator was on the employer's premises on January 23, 2003, but adopt the magistrate's remaining findings of fact and conclusions of law. In accordance with the magistrate's decision, we grant the requested writ of mandamus ordering the commission to vacate its order denying TTD compensation to relator and to issue a new order, either granting or denying compensation, after determining if relator had reported or returned to work.
Writ of mandamus granted.
Bryant and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Greg S. Swader, : Relator, : v. : No. 04AP-7 Home Depot USA, Inc. and : (REGULAR CALENDAR) Industrial Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on June 28, 2004. Weisser Wolf, and Mark B. Weisser, for relator.
Schottenstein, Zox Dunn, L.P.A., Michael T. Short andJennifer K. Mason, for respondent Home Depot USA, Inc.
Jim Petro, Attorney General, and Joseph Mastrangelo, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} Relator, Greg S. Swader, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for temporary total disability ("TTD") compensation on the basis that relator had voluntarily abandoned his employment with respondent Home Depot USA, Inc. ("employer") following his termination for violation of a written work rule.
Findings of Fact:
 {¶ 6} 1. Relator sustained a work-related injury on January 20, 2003. Ultimately, relator's claim was allowed for the following conditions: "cervical sprain/strain; thoracic sprain/strain; HNP C5-6 and C6-7."
 {¶ 7} 2. Relator was released to return to light duty work as of January 22, 2003, by his treating physician, Dr. Sergio L. Mezcua.
 {¶ 8} 3. When relator returned to work on January 23, 2003, he was sent for a post-accident drug screen as required by the employer's Substance Abuse Policy. The test results came back positive for marijuana.
 {¶ 9} 4. Pursuant to the employer's Substance Abuse Policy, employees "are immediately terminated if they * * * report or return to work with detectable levels, as determined by drug/alcohol tests, of alcohol, drugs, or non-prescribed controlled substances."
 {¶ 10} 5. The record indicates that relator was given a copy of the employer's Controlled Substances and Alcohol Misuse Prevention and Program Policy and Procedures when he was hired on October 18, 2002.
 {¶ 11} 6. Because he tested positive for marijuana on January 23, 2003, relator was terminated from his employment.
 {¶ 12} 7. Throughout, relator has denied the use of marijuana and requested that he be given an opportunity to have the urine sample retested; however, the employer notified relator that the sample could not be located.
 {¶ 13} 8. The allowance of the claim and the issue of relator's entitlement to TTD compensation was heard before a district hearing officer ("DHO") on March 14, 2003. The DHO ordered that TTD compensation should be paid from January 22, 2003 to April 23, 2003, and to continue based upon the medical evidence of relator's inability to perform his past job duties as a truck driver. The DHO rejected the employer's argument that relator had voluntarily abandoned his former position of employment when he tested positive for marijuana as follows:
The District Hearing Officer does not find persuasive evidence of drug abuse or voluntary abandonment of the injured worker's job duties. The injured worker was not driving his truck on 01/20/2003, the drug test is vague and over 32 hours after the injury and no light duty job was offered to the injured worker pursuant to ORC 4123.
 {¶ 14} 9. On appeal, the matter was heard before a staff hearing officer ("SHO") on August 8, 2003. The SHO modified the prior DHO order by denying TTD compensation based upon a finding that relator had voluntarily abandoned his former position of employment when he violated the written employer's substance abuse policy by testing positive for marijuana.
 {¶ 15} 10. Relator's appeal was heard before a deputy of the commission on October 8, 2003. The deputy determined that TTD compensation should be denied based upon the fact that relator tested positive for marijuana and relator was fired pursuant to a written work rule that clearly defined the prohibited conduct which was known or should have been known to relator. As such, the deputy concluded that relator had voluntarily abandoned his employment and was not entitled to TTD compensation. With regard to relator's arguments that post-accident drug testing is unconstitutional, the deputy specifically noted as follows:
The injured worker argues, that pursuant to State ex rel. OhioAFL-CIO v. Ohio BWC (2002), 97 Ohio St.3d 504, the employer's drug policy for "post accident testing" is unconstitutional under the [F]ourth [A]mendment of the US Constitution and Section 14, Article 1 of the Ohio Constitution. The Ohio Supreme Court in this case found that H.B. 122, providing for suspicionless testing and unilateral denial of Workers' compensation benefits, converted private action into state action and was therefore unconstitutional.
An administrative law body, such as the Industrial Commission, is limited to the strict holding of the Court, and does not have the authority to unilaterally interpret constitutional matters without explicit orders and instructions from the Courts. The holding of the AFL-CIO case is limited to H.B. 122 and can not be further expanded by the Industrial Commission in the present case. The legality of the drug testing and the admissibility of the drug test results will not be considered unless specifically outlined by the Ohio Workers' Compensation statute and regulations or specifically addressed by the Courts.
 {¶ 16} With regard to relator's other arguments as to why the results of the drug test should not be used against him, the deputy specifically stated as follows:
The injured worker also argues that the nature of the testing was not within the written work rule. In this case there is a distinction between the 2002 Associate Orientation Guide, which was previously referred to in this order, and the U.S. Department of Transportation Federal Motor Carrier Safety Administration regulations. The federal regulations define when testing is required. The injured worker argues that he was not tested pursuant to the federal regulations. This argument is rejected because the written rule in this case is found in the 2002 Associate Orientation Guide.
The injured worker also argues that the employer's medical evidence regarding the marijuana use is not reliable. The injured worker denies any use of marijuana. The injured worker testified that he had been tested 5 times in the months of October through December 2002 and that all 5 tests had been negative. The employer's evidence is simply an unsigned report that states, "Positive for Marijuana," without further break down or analysis.
The written rule simply states any associate who has a confirmed positive test for illegal drugs, alcohol, or controlled substance will be terminated. There was a written policy, there was a positive test result for marijuana, and the injured worker was fired.
The injured worker further argues that because he was unable to obtain the sample urine that tested positive or a retest, that he was not given an adequate chance to prove it was a false positive or that the sample did not belong to him. This argument is also rejected.
The review in this case is limited to whether or not the injured worker was terminated related to a violation of a written work rule, that had been previously identified as a dischargeable offense and that was known to the employee.
The evidence clearly established that the injured worker was injured in the course of and arising out of his employment on 01/20/2003, and that the injuries of record prevent him from returning to his job. However, pursuant to [State ex rel.Louisiana-Pacific Corp. v. Indus. Comm. (1995),72 Ohio St.3d 401], the injured worker is found to have voluntarily abandoned his employment and is therefore precluded from receiving temporary total disability compensation.
 {¶ 17} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 19} TTD compensation awarded pursuant to R.C. 4123.56 has always been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. State ex rel. Ramirez v. Indus. Comm. (1982),69 Ohio St.2d 630. Where an employee's own actions, for reasons unrelated to the injury, preclude him or her from returning to their former position of employment, he or she is not entitled to TTD benefits since it is the employee's own action, rather than the injury, that precludes return to the former position. SeeState ex rel. Jones Laughlin Steel Corp. v. Indus. Comm.
(1985), 29 Ohio App.3d 145.
 {¶ 20} It is undisputed that voluntary abandonment of the former position of employment can preclude payment of TTD compensation. State ex rel. Rockwell Internatl. v. Indus. Comm.
(1988), 40 Ohio St.3d 44. In State ex rel. Watts v.Schottenstein Stores Corp. (1993), 68 Ohio St.3d 118, the court noted that firing can constitute a voluntary abandonment of the former position of employment. Although not generally consented to, discharge, like incarceration, is often a consequence of behavior which the claimant willingly undertook and may take on a voluntary character. Id. at 121.
 {¶ 21} In State ex rel. Louisiana-Pacific Corp. v. Indus.Comm. (1995), 72 Ohio St.3d 401, the court characterized the firing as "voluntary" where that firing is generated by the employee's violation of a written work rule of policy which: (1) clearly defined the prohibited conduct; (2) had been previously identified by the employer as a dischargeable offense; and (3) was known or should have been known to the employee.
 {¶ 22} In the present case, the commission concluded that relator was aware that a violation of the employer's controlled substances and alcohol use and testing policy would result in termination. Pursuant to that policy, after an accident, the employee is required to undergo a drug screen. In the present case, relator submitted a sample for the drug screen and the results came back positive for marijuana. Thereafter, relator was discharged from his employment. Relator's application for TTD compensation was denied because the commission concluded it was the termination, and not the injury, which precluded a return to his former position of employment.
 {¶ 23} In the present case, relator contends that the Ohio Supreme Court's decision in State ex rel. Ohio AFL-CIO v. OhioBur. of Workers' Comp., 97 Ohio St.3d 504, 2002-Ohio-6717, holds that an employer's post-accident testing is unconstitutional under the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution. The commission rejected relator's argument and this magistrate agrees with the commission's analysis of this issue.
 {¶ 24} In Ohio AFL-CIO, the question before the court was whether the 2000 Am.Sub.H.B. 122 ("H.B. 122"), which permitted the warrantless drug and alcohol testing of all injured workers, is constitutional. Under H.B. 122, R.C. 4123.54 would have been amended to require that every Ohio worker injured on the job would be required to submit to an employer-requested chemical test, regardless of whether the employer had any reason to believe that the injury was caused by the employee's intoxication or use of controlled substances. H.B. 122 also provided that where chemical testing revealed certain prohibited levels of alcohol or controlled substances in the body of an injured employee, a rebuttable presumption arose that the employee's injury had been proximately caused by the influence of alcohol or a controlled substance. The court found that the drug testing pursuant to H.B. 122 constituted state action and therefore violated the Fourth Amendment, to the Ohio Constitution.
 {¶ 25} As the commission determined, Ohio AFL-CIO does not apply here. In Ohio AFL-CIO, the court noted that employer's can set forth their own testing procedures for purposes of exposing employee misconduct; however, employer's cannot themselves use test results to affect an employee's entitlement to workers' compensation. In the present case, relator has not been precluded from participating in the workers' compensation system by virtue of the positive test result for marijuana; instead, relator was terminated from his employment. In addressing his motion for TTD compensation, the commission determined that relator had voluntarily abandoned his employment when he was terminated for violation of a written work rule. In the future, should relator again become employed and then, due to his allowed injury, become unable to work, relator could apply for TTD compensation and, if he meets his burden of proof, he would prevail. As such, this magistrate finds that the commission properly determined that the Ohio Supreme Court's decision inOhio AFL-CIO did not apply to the facts of this case, and finds that relator has not demonstrated that the commission abused its discretion in this regard.
 {¶ 26} Relator also contends that the commission should have invoked the exclusionary rule to exclude the evidence of the drug test results which were obtained in violation of relator's constitutional rights. In support of his argument, relator cites several cases where evidence seized without a warrant was excluded from evidence. However, relator relies on Ohio AFL-CIO
to support his argument.
 {¶ 27} In the present case, the employer had a policy of testing its employees at certain times. Employees were tested before being hired, at the time of re-employment or promotion, following an accident, if there was reasonable suspicion, or as part of a post-rehabilitation check. If relator, or any other employee, wants to challenge the constitutionality of a particular employer's policy, this is not the proper procedure. The Ohio Supreme Court has affirmed a denial of TTD compensation to an employee who has violated an employer's written work rule pertaining to drug and alcohol use. If relator wants to challenge the methods used by this employer, then relator must do so by other means.
 {¶ 28} Relator also contends that the evidence in his positive drug test should have been excluded because the testing fell short of the standards outlined in R.C. 4123.54(B)(2) and the U.S. Department of Transportation Guidelines. However, this magistrate finds that the drug testing at issue was not conducted pursuant to R.C. 4123.54(B)(2), where a rebuttable presumption is established that the employee was under the influence of a controlled substance and that such was a proximate cause of the injury. Instead, relator was tested pursuant to the employer's own policy against substance abuse. As stated previously, pursuant to that policy, employees of the employer are tested for illicit drugs at various points in time, including post-accident. Furthermore, as the policy makes clear, the employer wants to provide associates and customers with a healthy, safe, and drug-free environment. Pursuant to that policy, relator submitted to a drug test. The employer did not use the positive results of that drug test to create a rebuttable presumption that the use of drugs was the proximate cause of relator's injury. Instead, relator was terminated due to the positive finding and, in spite of the fact that the use of drugs was not the proximate cause of his injuries, was later found not to be entitled to TTD compensation because he had removed himself from the work place by violating the employer's written policy. They are two different courses of action and the commission did not abuse its discretion when it determined that relator's argument lacked merit.
 {¶ 29} Lastly, relator contends that there is not "some evidence" that he violated a written work rule in spite of the fact that the test came back positive for marijuana. This magistrate agrees.
 {¶ 30} Relator submitted medical evidence to support his motion for TTD compensation. Thereafter, the employer asserted that relator was not entitled to the requested compensation because relator had violated the following work rule:
* * * [Employees] are immediately terminated if they
* * *
report or return to work with detectable levels, as determined by drug/alcohol tests, of alcohol, drugs, or nonprescribed controlled substances[.]
 {¶ 31} The employer bears the burden of establishing that relator violated the work rule. However, upon review of the record, this magistrate finds that there is no evidence that relator "report[ed] or return[ed] to work with detectable levels * * * of * * * drugs." Although Dr. Mezcua released relator to light duty work, no evidence was presented to show that relator "report[ed} or return[ed] to work" on January 22, 2003; therefore, the employer did not meet its burden of proof and the commission abused its discretion when it denied compensation on this basis.
 {¶ 32} Based on the foregoing, this magistrate concludes that although the commission properly found that Ohio AFL-CIO, did not apply to the within situation, the commission did abuse its discretion when it determined that the employer had established that relator violated a written work rule and denied TTD compensation on that basis.
 {¶ 33} Accordingly, it is this magistrate's decision that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order denying TTD compensation to relator and to issue a new order, either granting or denying compensation, after determining if relator had reported or returned to work.
 s/s Stephanie Bisca Brooks 
STEPHANIE BISCA BROOKS MAGISTRATE