DECISION
{¶ 1} Relator, Alberta Darden, filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order, which denied her request for temporary total disability ("TTD") compensation based upon a finding that she had voluntarily abandoned her employment and ordering the commission to find that she is entitled to said compensation.
 {¶ 2} The court referred this matter to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) Relator filed objections to the decision. As summarized on page five of her objections, relator asserts that the magistrate erred in concluding: (1) that State ex rel. Louisiana-PacificCorp. v. Indus. Comm. (1995), 72 Ohio St.3d 401, governs the facts of this matter; and (2) that R.C. 4123.54(B) does not apply.
 {¶ 3} As to relator's second objection, we agree with the magistrate's analysis concerning this issue. As the magistrate concluded, R.C. 4123.54(B) does not apply where, as here, the employer is not alleging that an employee's intoxication or drug use is the proximate cause of the injury. Relator's second objection is overruled.
 {¶ 4} We now turn to relator's arguments concerningLouisiana-Pacific. It is well-established that a discharge from employment may be "voluntary" in some circumstances. State exrel. Watts v. Schottenstein Stores Corp. (1993),68 Ohio St.3d 118. In Louisiana-Pacific, the Ohio Supreme Court stated that, when a worker has been discharged for violating a rule, the commission may conclude that the discharge constituted a voluntary relinquishment of employment where: (1) the employer's rule or policy defined the prohibited conduct clearly in writing; (2) the rule or policy identified the violation as a dischargeable offense; and (3) the worker knew, or should have known, both the rule and the consequences of violating the rule or policy.
 {¶ 5} Where a claimant has voluntarily relinquished his or her job, either by resigning or by abandoning it underLouisiana-Pacific, the claimant is deemed to have accepted the consequence of being without wages for a period of time and is not eligible to receive TTD compensation. See, e.g., State exrel. McKnabb v. Indus. Comm. (2001), 92 Ohio St.3d 559.
 {¶ 6} The Ohio Supreme Court has explained, however, that, where the conduct is causally related to the injury, the termination of employment is not voluntary. State ex rel. PrettyProducts, Inc. v. Indus. Comm. (1996), 77 Ohio St.3d 5, 7. Rather, "the underlying facts and circumstances of each case determine whether a departure by firing may be voluntary or involuntary." Id. This court has, in many cases, reaffirmed the Supreme Court's holding in Pretty Products and has considered (or required the commission to consider) whether a particular termination was voluntary. See, e.g., State ex rel. Gross v.Indus. Comm., Franklin App. No. 04AP-756, 2005-Ohio-3936 (granting writ where discharge causally related to injury was not voluntary); State ex rel. Griffin v. Ken Greco Co., Inc.,
Franklin App. No. 03AP-937, 2004-Ohio-5262 (granting limited writ ordering consideration of causal connection between allowable condition and abandonment); State ex rel. Transco Ry. Products,Inc. v. Brown, Franklin App. No. 03AP-213, 2003-Ohio-7037
(granting limited writ ordering further explanation of voluntariness); State ex rel. NIFCO, LLC v. Woods, Franklin App. No. 02AP-1095, 2003-Ohio-6468 (denying writ where discharge causally related to injury was not voluntary); State ex rel.Walters v. Indus. Comm., Franklin App. No. 01AP-1043, 2002-Ohio-3236 (granting limited writ ordering consideration of whether discharge was causally related to injury and/or the rule violation was pretext).
 {¶ 7} The Supreme Court has cautioned that "a postinjury firing must be carefully scrutinized." McKnabb at 562. Cf.State ex rel. Daniels v. Indus. Comm., 99 Ohio St.3d 282,2003-Ohio-3626. The court also has emphasized the "great potential for abuse in allowing a simple allegation of misconduct to preclude temporary total disability compensation. We therefore find it imperative to carefully examine the totality of the circumstances when such a situation exists." State ex rel. Smithv. Superior's Brand Meats, Inc. (1996), 76 Ohio St.3d 408, 411.
 {¶ 8} Here, the staff hearing officer ("SHO") denied TTD "for the reason the claimant voluntarily abandoned her employment based upon the claimant violating a written work rule regarding the failure to take a drug test." The SHO's order does not reveal, however, whether the SHO considered whether relator's injury — that is, the physical and/or psychological harm from the robbery — was causally related to her violation of the employer's written work rule — that is, her failure to get a drug test within 24 hours. Therefore, we find that the commission abused its discretion in determining that relator voluntarily abandoned her employment, and we sustain relator's first objection.
 {¶ 9} For these reasons, we sustain relator's first objection, and we overrule her second objection. We issue a limited writ of mandamus ordering the commission to determine whether relator's termination for failure to obtain a drug test within 24 hours was causally related to her injury and, therefore, involuntary.
Objection sustained and objection overruled, limited writ ofmandamus granted.
Klatt and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Alberta Darden, : :
Relator, : :
v. : No. 05AP-97 :
Industrial Commission of Ohio and : (REGULAR CALENDAR) Franchise Operations, Inc., : :
Respondents. :
 MAGISTRATE'S DECISION Rendered on July 27, 2005 Geraci LaPerna, L.P.A., and Terry Jennrich, for relator.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
Heinzerling Goodman, LLC, and Jonathan H. Goodman, for respondent Franchise Operations, Inc.
 IN MANDAMUS {¶ 10} Relator, Alberta Darden, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her request for temporary total disability ("TTD") compensation based upon a finding that she had voluntarily abandoned her employment and ordering the commission to find that she is entitled to said compensation.
Findings of Fact:
 {¶ 11} 1. Relator sustained a work-related injury on July 22, 2003, during a robbery of the Burger King restaurant ("employer") where she was employed. Armed robbers pointed a gun at her manager's head, slammed her up against a wall and robbed the restaurant.
 {¶ 12} 2. At the time she was hired, relator received and signed a document which provided, in pertinent part, as follows:
I understand that, if I am injured, I must report the accident or injury immediately to my manager or supervisor. I must be tested for drugs within 24 hours of the accident or injury. I understand that if I fail to report the accident or injury to my manager or supervisor immediately or fail to be tested within 24 hours of the accident or injury I will be terminated. I understand that, if I am injured, Franchise Operations Inc. may seek disallowance of worker[s'] compensation claim if I test positive for drugs. Under some state laws, a positive drug test will be considered the cause of the injury. Refusal to submit to a drug test is considered a positive test and creates a rebuttable presumption that I was intoxicated or under the influence of drugs and the intoxication caused the accident or injury and may result in the disallowance of workers' compensation benefits.
 {¶ 13} 3. Relator was terminated from her employment for failing to submit to a drug test following the July 22, 2003 incident.
 {¶ 14} 4. Relator's claim was initially denied by the Ohio Bureau of Workers' Compensation ("BWC").
 {¶ 15} 5. On October 17, 2003, relator's appeal was heard before a district hearing officer ("DHO") and resulted in an order allowing her claim for "strain lumbar" and awarding her TTD compensation from July 23 to October 17, 2003 and to continue upon submission of medical evidence. The order was based upon the August 26, 2003 report of Ashok S. Patil, M.D. The DHO denied the employer's argument concerning voluntary abandonment for the following reasons:
The District Hearing Officer denies the employer's argument of voluntary abandonment due to a violation of a written work rule that claimant did not submit to a drug test. The employer did not meet his burden since, among other reasons, no written policy was ever submitted at hearing.
 {¶ 16} 6. The employer appealed and the matter was heard before a staff hearing officer ("SHO") on December 9, 2003. The SHO modified the prior DHO order as follows: the claim was allowed for lumbar strain; however, TTD compensation was denied for the following reasons:
Temporary total disability compensation is denied for the reason the claimant voluntarily abandoned her employment based upon the claimant violating a written work rule regarding the failure to take a drug test.
The claimant signed the policy on 04/08/2003 and thus was aware of the policy that failure to submit to a drug test would result in termination.
 {¶ 17} 7. Relator's appeal was refused by order of the commission mailed January 6, 2004.
 {¶ 18} 8. By order dated April 28, 2004, relator's claim was additionally allowed for the following condition "acute stress react NEC."
 {¶ 19} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 21} For the reasons that follow, relator's request for a writ of mandamus is denied.
 {¶ 22} Relator first argues that the commission abused its discretion in its order mailed January 6, 2004 which refused her appeal. Relator contends that the commission violated State exrel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, when it failed to state a reason to refuse the appeal.
 {¶ 23} The line of reasoning from State ex rel. Mitchell v.Robbins Myers, Inc. (1983), 6 Ohio St.3d 481, State ex rel.Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, andNoll, which requires that: "In any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision," arose because of the duties the Ohio Revised Code places upon hearing officers to set forth the reasons for their decisions. Noll,
syllabus. Specifically, the Supreme Court of Ohio relied upon former R.C. 4123.515 which provided that DHOs must present their decision and provide the reasons therefore. However, no such requirement exists relative to a commission decision to allow or refuse a third-level appeal. Current R.C. 4123.511(E) provides that if the commission determines not to hear the appeal from an order of an SHO, the commission shall issue an order to that effect and notify the parties. The decision to deny a third-level appeal is not an order granting or denying benefits to a claimant and, as such, the mandate of Noll does not apply.
 {¶ 24} Relator also argues that the commission should not have found that she had voluntarily abandoned her former position of employment when she failed to submit to a drug screening following her injuries occasioned during the course of the robbery for several reasons, including the following: (1) her emotional condition was such that she should not be held accountable for her failure to take a drug test; (2) pursuant toState ex rel. Ohio AFL-CIO v. Ohio Bur. of Workers' Comp.,97 Ohio St.3d 504, 2002-Ohio-6717, the drug testing was unconstitutional; and (3) R.C. 4123.54(B) requires that the employer request that the employee submit to a drug test and that failure to take a drug test cannot be held against the employee unless the employer actually requests that they submit. For the following reasons, this magistrate disagrees.
 {¶ 25} It is undisputed that voluntary abandonment of the former position of employment can preclude payment of TTD compensation. State ex rel. Rockwell Internatl. v. Indus. Comm.
(1988), 40 Ohio St.3d 44. In State ex rel. Watts v.Schottenstein Stores Corp. (1993), 68 Ohio St.3d 118, 121, the court stated as follows:
* * * [F]iring can constitute a voluntary abandonment of the former position of employment. Although not generally consented to, discharge, like incarceration, is often a consequence of behavior that the claimant willingly undertook, and may thus take on a voluntary character. * * *
 {¶ 26} In State ex rel. Louisiana-Pacific Corp. v. Indus.Comm. (1995), 72 Ohio St.3d 401, the court characterized a firing as "voluntary" where that firing is generated by the employee's violation of a written work rule or policy which: (1) clearly defined the prohibited conduct; (2) had been previously identified by the employer as a dischargeable offense; and (3) was known or should have been known to the employee.
 {¶ 27} In the present case, the employer presented evidence of its substance abuse policy to the SHO. That policy clearly provides that:
I understand that, if I am injured, I must report the accident or injury immediately to my manager or supervisor. I must be tested for drugs within 24 hours of the accident or injury. I understand that if I fail to report the accident or injury to my manager or supervisor immediately or fail to be tested within 24 hours of the accident or injury I will be terminated. * * *
(Emphasis added.)
 {¶ 28} It was pursuant to the above language of the policy that the employer terminated relator and, upon that policy, the commission determined that she had voluntarily abandoned her former position of employment. By the above language, the magistrate agrees with the commission that the employer satisfied the requirements of Louisiana-Pacific.
 {¶ 29} As stated previously, relator does not deny that she did not submit to a drug test. However, one of the reasons relator claims her failure to do so should not be held against her is the fact that she was under extreme psychological stress after the robbery and that she simply forgot to have the drug test performed. Relator would have had the opportunity to make this argument before the hearing officer and, if relator failed to do so, relator is precluded from raising that issue here in a mandamus action. See State ex rel. Quarto Mining Co. v. Foreman
(1997), 79 Ohio St.3d 78. If, on the other hand, relator did raise this argument before the commission, it is apparent that the commission rejected her argument. In other words, the commission made a factual determination and rejected relator's argument. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. Teece. It is immaterial whether other evidence, even if greater in quality and/or quantity, supports the decision contrary to the commission's decision. State ex rel. Pass v.C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373. Relator has not demonstrated that the commission abused its discretion in this regard and this argument of relator is rejected.
 {¶ 30} Relator also contends that private employers cannot force employees to submit to drug testing and that to do so violates the Supreme Court of Ohio's holding in Ohio AFL-CIO.
However, relator is misreading that case. In Ohio AFL-CIO, the court specifically held that H.B. 122, which provided for an employer's warrantless drug testing and unilateral denial of workers' compensation benefits, was unconstitutional because the provision converted private action into state action. That is not the issue raised by this mandamus action. Instead, the issue presented here was recently addressed by this court in State exrel. Swader v. Home Depot USA, Inc., Franklin App. No. 04AP-7,2004-Ohio-6130, ¶ 24-25:
In Ohio AFL-CIO, the question before the court was whether the 2000 Am.Sub.H.B. 122 ("H.B. 122"), which permitted the warrantless drug and alcohol testing of all injured workers, is constitutional. Under H.B. 122, R.C. 4123.54 would have been amended to require that every Ohio worker injured on the job would be required to submit to an employer-requested chemical test, regardless of whether the employer had any reason to believe that the injury was caused by the employee's intoxication or use of controlled substances. H.B. 122 also provided that where chemical testing revealed certain prohibited levels of alcohol or controlled substances in the body of an injured employee, a rebuttable presumption arose that the employee's injury had been proximately caused by the influence of alcohol or a controlled substance. The court found that the drug testing pursuant to H.B. 122 constituted state action and therefore violated the Fourth Amendment, to the Ohio Constitution.
As the commission determined, Ohio AFL-CIO does not apply here. In Ohio AFL-CIO, the court noted that employer's can set forth their own testing procedures for purposes of exposing employee misconduct; however, employer's cannot themselves use test results to affect an employee's entitlement to workers' compensation. In the present case, relator has not been precluded from participating in the workers' compensation system by virtue of the positive test result for marijuana; instead, relator was terminated from his employment. In addressing his motion for TTD compensation, the commission determined that relator had voluntarily abandoned his employment when he was terminated for violation of a written work rule. In the future, should relator again become employed and then, due to his allowed injury, become unable to work, relator could apply for TTD compensation and, if he meets his burden of proof, he would prevail. As such, this magistrate finds that the commission properly determined that the Ohio Supreme Court's decision in Ohio AFL-CIO did not apply to the facts of this case, and finds that relator has not demonstrated that the commission abused its discretion in this regard.
 {¶ 31} Lastly, relator contends that R.C. 4123.54(B) requires that the employer require that, before an employee can be denied compensation for their failure to submit to a drug test, the employee must refuse to submit to the drug test and that their refusal is a rebuttable presumption that the employee was intoxicated or under the influence of a controlled substance and that intoxication or influence is the proximate cause of the injury. However, in the present case, the employer is not using relator's failure to submit to a drug test as evidence that her injuries were proximately caused by intoxication or her having been under the influence of a controlled substance. Instead, relator's claim has been allowed and medical bills have been paid. R.C. 4123.54(B) does not apply because the employer is not alleging that relator's intoxication or drug use is the proximate cause of her injury. Instead, the case law enunciated inLouisiana-Pacific and its progeny applies.
 {¶ 32} Having rejected relator's arguments and otherwise finding that the commission's order satisfies the requirements of law, it is the magistrate's decision that this court should deny relator's request for a writ of mandamus.